1271 Avenue of the Americas
New York, New York 10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

# LATHAM&WATKINS<sup>LLP</sup>

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

March 22, 2024

**VIA ECF**

The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *SEC v. SolarWinds Corp. & Brown*, No. 23-cv-9518 (PAE)

Dear Judge Engelmayer:

On behalf of SolarWinds Corp. ("SolarWinds") and Timothy G. Brown (collectively, "Defendants"), we write pursuant to Rule 4.B of the Court's Individual Rules and Practices to respectfully request the Court's permission to file Exhibit No. 17 to Defendants' Motion to Dismiss the Amended Complaint (the "Confidential Document") under seal. Defendants respectfully submit that good cause exists for sealing.

Defendants seek to file the Confidential Document under seal because it reflects SolarWinds' cybersecurity incident response plan. As such, it contains confidential and sensitive business information (and nothing else). "Courts in this Circuit regularly seal information that might disclose trade secrets or confidential business information." *Iacovacci v. Brevet Holdings, LLC*, 2022 U.S. Dist. LEXIS 5612, at *12 (S.D.N.Y. Jan. 11, 2022); *see also Brody v. Global Risk Advisors LLC*, 2023 U.S. Dist. LEXIS 151536, at *7 (S.D.N.Y. Aug. 24, 2023) (allowing sealing in full of document that "only contain[ed] sensitive business information").

In addition, publicly revealing the information contained the Confidential Document could undermine SolarWinds' ability to respond to cyber incidents. Courts have permitted sealing of information where it could be "used by malicious third parties to attack the [defendant's] service." *Personalized Media Communs., LLC v. Netflix, Inc.*, 2020 U.S. Dist. LEXIS 218085, at *5-6 (S.D.N.Y. Nov. 19, 2020); *see also Syntel Sterling Best Shores Mauritius Limited v. TriZetto Group.*, 2021 WL 1541385, at *3 (granting a motion to seal with respect to "confidential and proprietary information regarding [defendant's] . . . information security"). Here, given the sensitive nature of SolarWinds' incident response plan—which could be exploited by a future threat actor—sealing is warranted.

**March 22, 2024**
**Page 2**

**L A T H A M & W A T K I N S** LLP

      Consistent with Section 4.B.2 of the Court's Individual Rules and Practices in Civil Cases, Defendants will contemporaneously file the proposed sealed document under seal via the ECF system.

                  Respectfully submitted,

                  */s/ Serrin Turner*
                  Serrin Turner
                  of LATHAM & WATKINS LLP

cc:    All Counsel of Record (via ECF)

GRANTED.
SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge
March 25, 2024