**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:23-cv-09518-PAE-BCM |
| SOLARWINDS CORP. and TIMOTHY G. BROWN, | ) ) ) | Jury Trial Demanded |
| Defendants. | ) ) ) | |

**DEFENDANTS' ANSWER TO THE REMAINING**
**ALLEGATIONS AT ISSUE IN THE SEC'S AMENDED COMPLAINT**

Defendants SolarWinds Corp. ("SolarWinds") and Timothy G. Brown ("Brown") (collectively, "Defendants") submit their Answer to the Amended Complaint (ECF No. 85) filed by Plaintiff Securities and Exchange Commission ("SEC" or "Plaintiff").

Defendants note that many of the SEC's allegations selectively quote portions of internal SolarWinds documents and communications. The contents of those documents and communications speak for themselves, and nothing herein should be construed as an admission that Defendants agree with the SEC's characterization or interpretation of such documents and communications or that Defendants accept them for the truth of the matters asserted.

Further, following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), many of the allegations in the Amended Complaint are no longer at issue in this matter. Defendants have identified those allegations below. To the extent a response is deemed required to any such allegations, Defendants deny them.

## SPECIFIC RESPONSES

### SUMMARY

1.      Deny except to admit that SolarWinds conducted its initial public offering in October 2018. Defendants also admit that Brown, along with others, participated in the creation of the cited October 2018 presentation, the content of which speaks for itself.

2.      Deny except to admit that Brown received an email on April 15, 2020, the content of which speaks for itself.

3.      Deny except to admit that a cyberattack termed SUNBURST compromised SolarWinds' Orion software platform, and that Orion was a flagship product accounting for 45% of its revenue in the first nine months of 2020.

4.      Admit.

5.      Deny.

6.      Deny.

7.      The allegations contained in Paragraph 7 constitute legal contentions and/or

conclusions to which no response is required.  To the extent a response is required, Defendants

deny except to admit that the Security Statement contains the quoted language.

8.      Deny.

9.      Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the

Amended Complaint (ECF No. 125), the allegations in Paragraph 9 are no longer at issue in this

action and no response is required.

10.     Defendants deny the allegations set forth in Paragraph 10.

        a.      Deny except to admit that a January 2018 email was sent to SolarWinds

personnel, the content of which speaks for itself.

        b.      Deny except to admit that Brown received an email in June 2020, the

content of which speaks for itself.

        c.      Deny except to admit that a June 2017 presentation was shared with the

SolarWinds CIO, the content of which speaks for itself.

        d.      Deny except to admit that in June 2018, Network Engineer D sent an

email to various SolarWinds employees, the content of which speaks for itself.

        e.      Deny except to admit that Brown participated in the preparation of an

August 2019 presentation, the content of which speaks for itself.

f.    Deny except to admit that Brown participated in the preparation of presentations in March and October 2020, the content of which speaks for itself.

g.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 10(g) are no longer at issue in in this action and no response is required.

h.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 10(h) are no longer at issue in this action and no response is required.

i.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 10(i) are no longer at issue in this action and no response is required.

j.    Deny except to admit that the quoted document speaks for itself.

k.    Deny except to admit that a September 2020 "Risk Acceptance Form" was shared with Brown, the content of which speaks for itself.

l.    Deny except to admit that instant messages were sent in November 2020, the content of which speaks for itself.

11.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 11 are no longer at issue in this action and no response is required.  Further, the allegations contained in Paragraph 11 constitute legal contentions and/or conclusions to which no response is required.

12.    The allegations contained in Paragraph 12 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 12.

13.    Deny except to admit that SolarWinds experienced the SUNBURST cyberattack between January 2019 and December 2020 and that the attack compromised SolarWinds' Orion product.

14.    Deny except to admit that the earliest confirmed access by the SUNBURST attacker to SolarWinds' systems was in January 2019 and that the access occurred through the Company's VPN.

15.    Deny except to admit that the threat actors inserted malicious code into software builds for SolarWinds' Orion products, that the compromised products were provided to up to 18,000 customers, that the code provided a backdoor to the customers' Orion servers provided certain other conditions were met.

16.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 16 pertaining to alleged cybersecurity attacks against two customers are no longer at issue in this action and no response is required.

17.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 17 are no longer at issue in this action and no response is required.

18.     Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 18 are no longer at issue in this action and no response is required.

19.     Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 19 are no longer at issue in this action and no response is required.

20.     Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 20 are no longer at issue in this action and no response is required.  To the extent a response is required, deny except to admit that SolarWinds' stock price dropped following its announcement of SUNBURST.

## DEFENDANTS

21.     Admit.

22.     Deny except to admit that Mr. Brown, age 59, is a resident of Salado, Texas, that he served as SolarWinds' Vice President of Security and Architecture between July 2017 and December 2020, and that he has been SolarWinds' Chief Information Security Officer, a position that did not exist at SolarWinds prior to the SUNBURST attack, since January 2021.

## OTHER RELEVANT PERSON AND ENTITIES

23.     Admit.

24.     Admit.

25.     Admit.

26.     Admit.

27.     Admit.

28.    Admit.

29.    Admit.

30.    Admit.

31.    Admit.

32.    Admit.

33.    Admit.

34.    Admit.

35.    Paragraph 35 does not contain an allegation, and therefore no response is required.

**JURISDICTION AND VENUE**

36.    Admit.

37.    The allegations contained in Paragraph 37 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 37.

38.    Defendants admit the allegations in paragraph 38 except to the extent they suggest that there were any SolarWinds employees participating in any fraud, which Defendants deny.

39.    Deny except to admit that Mr. Brown exercised options and sold SolarWinds stock during 2020 as set forth in the chart in Paragraph 39.

40.    Admit.

41.    Admit.

42.    Admit.

**FACTS**

43.    Admit.

44.    Admit, except to deny the SEC's characterization that SolarWinds considered Orion to be one of its "crown jewels."

45.    Deny except to admit that Mr. Brown joined SolarWinds in July 2017 and that he participated in the preparation of an August 2017 presentation, the content of which speaks for itself.

46.    Deny.

47.    Deny except to admit that certain customers required SolarWinds to answer security questionnaires before purchasing new products or renewing contracts and that the referenced presentation includes language that speaks for itself.

48.    Defendants admit that Brown emailed a presentation to other SolarWinds employees on September 7, 2017, and that the contents of the email and the attached presentation speak for themselves.

49.    Deny except to admit that the September 2017 presentation included multiple slides, the contents of which speak for themselves, and that Brown previously testified about the meaning of the document's color coding.

50.    Defendants admit that the cited document includes the material quoted in Paragraph 50.

51.    Defendants admit that the cited document includes the material quoted in Paragraph 51.

52.    Deny except to admit that the CIO prepared draft self-assessments dated January and June 2018, the contents of which speak for themselves.

53.    Deny except to admit that Mr. Brown participated in the creation of the cited documents, the contents of which speak for themselves.

54.    Deny except to admit that in July 2018 Brown published a blog post, the content of which speaks for itself.

55.    Defendants lack knowledge and information sufficient to either admit or deny the allegations in Paragraph 55.

56.    Deny.

57.    Defendants lack knowledge and information sufficient to either admit or deny the allegation in Paragraph 57 that a SolarWinds employee described a draft version of the Security Statement as aspirational.  Defendants deny the remaining allegations set forth in Paragraph 57.

58.    Deny except to admit that the Security Statement was posted on SolarWinds' public website in late 2017, that the "Trust Center" section of SolarWinds' website had pictures of several SolarWinds employees, including Brown, and that SolarWinds disseminated the Security Statement or a link thereto to certain customers.

59.    Deny except to admit that the Security Statement informed the public of certain SolarWinds' cybersecurity policies and that the website included the quoted language.

60.    Defendants admit that the Security Statement included the quoted language, but otherwise deny the allegations of paragraph 60, including that internal SolarWinds security policies were "incorporated" into the Security Statement.

8

61.    Deny except to admit that SolarWinds' employees sometimes disseminated the Security Statement to customers in response to customer questionnaires regarding SolarWinds' cybersecurity practices.

62.    Deny except to admit that, on December 14, 2017,  Brown emailed a presentation to the CIO, the content of which speaks for itself.

63.    Deny except to admit that the December 14, 2017 presentation, the content of which speaks for itself, contained the quoted language and that the quoted language was previously included in earlier presentations.

64.    The allegations contained in Paragraph 64 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 64.

65.    Deny except to admit that, in January 2018, a SolarWinds employee sent an email that referenced the Security Statement, the content of which speaks for itself.

66.    Deny except to admit that, on May 29, 2019, Brown sent an email to certain SolarWinds employees, the content of which speaks for itself.

67.    The allegations contained in Paragraph 67 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 67.

68.    The allegations contained in Paragraph 68 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 68.

69.    Defendants lack knowledge and information sufficient to either admit or deny the allegations in Paragraph 69.

70.    Deny.

71.    Admit.

72.    Deny.

73.    Deny.

74.    Deny except to admit that the Security Statement included the quoted language and that the NIST Cybersecurity Framework is a set of tools that an organization can use as one part of its assessment of its cybersecurity posture.

75.    Admit.

76.    The allegations contained in Paragraph 76 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 76.

77.    Deny.

78.    Defendants lack knowledge and information sufficient to either admit or deny the allegations in Paragraph 78, but deny the implication that the alleged "missing" controls were material to investors as a matter of law.

79.    Deny except to admit that, on August 9, 2017, Senior InfoSec Manager E sent an email attaching an excel workbook, the contents of which speak for themselves.

80.    Deny except to admit that the cited excel workbook, the content of which speaks for itself, contained the cited language.

81.     Deny except to admit that the cited excel workbook, the content of which speaks for itself, contained the cited language.

82.     Deny.

83.     Deny except to admit that, on October 1, 2018, Senior InfoSec Manager E emailed Brown and others attaching another excel workbook, the contents of which speak for themselves.

84.     Deny except to admit that the cited excel workbook, the content of which speaks for itself, contained the cited language.

85.     Deny except to admit that the cited excel workbook, the content of which speaks for itself, contained the cited language.

86.     Deny except to admit that the cited excel workbook, the content of which speaks for itself, contained the cited language.

87.     Deny except to admit that the cited excel workbook, the content of which speaks for itself, contained the cited language.

88.     Defendants deny the allegations set forth in Paragraph 88.

89.     Deny except to admit that the cited August 2019 presentation was made to the CEO, the content of which speaks for itself.

90.     Deny except to admit that certain 2019 NIST Cybersecurity Framework assessments, the contents of which speak for themselves, included some scores of 1.0 or 2.0.

91.     Deny except to admit that the referenced NIST assessments were not shared publicly.

92.     Defendants lack knowledge and information sufficient to either admit or deny the allegations in Paragraph 92.

93.     Deny except to admit that NIST Special Publication 800-53 Revision 4 is a set of security and privacy controls.

94.     Deny except to admit that NIST Special Publication 800-53 Revision 4 includes the quoted language.

95.     Deny, including with respect to the SEC's characterization of the testimony of SolarWinds' CIO.

96.     Deny except to admit that SolarWinds made a public statement as quoted in Paragraph 96, the content of which speaks for itself.

97.     Deny except to admit that, in June 2019, Security & Compliance Manager L, who lacks a technical background and was not intending to carry out an audit, prepared a preliminary, informal assessment of the resources she believed would be needed to enable four specific Cloud products to meet FedRAMP moderate controls.

98.     Deny.

99.     Deny.

100.    Deny except to admit that the referenced document, which was merely a review of policy documentation rather than actual practice, was sent to Brown in 2021, the content of which speaks for itself.

101.    The allegations contained in Paragraph 101 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 101.

102.    Deny except to admit that Brown received the referenced documents.

103.    The allegations contained in Paragraph 103 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 103.

104.    Deny except to admit that SolarWinds issued press releases that were posted on the investor portion of its website, the contents of which speak for themselves.

105.    Defendants lack knowledge and information sufficient to either admit or deny the allegations in Paragraph 105.

106.    Defendants lack knowledge and information sufficient to form a belief about the factual allegations in Paragraph 106.

107.    Deny except to admit that Brown made a blog post in September 2020, the content of which speaks for itself.

108.    Deny except to admit that Brown made a blog post in May 2020, the content of which speaks for itself.

109.    The allegations contained in Paragraph 109 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 109.

110.    Deny except to admit that the Security Statement, the content of which speaks for itself, was publicly available and included the cited language.

111.    Deny except to admit that the "Trust Center" on SolarWinds' website, the content of which speaks for itself, contained the cited language.

112.    Deny except to admit that in November 2018 the CIO sent Brown an internal policy related to the secure development lifecycle, the content of which speaks for itself.

113.    Deny.

114.    The allegations contained in Paragraph 114 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 114.

115.    Deny.

116.    Deny.

117.    Deny except to admit that, in January 2018, Engineering Manager H sent an email to various managers at SolarWinds, the content of which speaks for itself.

118.    Deny.

119.    Deny except to admit that, in May 2018, Engineering Manager H sent an email with to Brown and the CIO, the content of which speaks for itself, and that the Security Statement did not change during the Relevant Period.

120.    Deny except to admit that the Security Statement, the content of which speaks for itself, includes the cited language.

121.    Deny except to admit that the metadata for the cited December 2018 presentation, the content of which speaks for itself, indicates it was prepared by Senior InfoSec Manager E.

122.    Deny except to admit that the cited July 2018 presentation, the content of which speaks for itself, contains the quoted language.

123.    Deny.

14

124.    Deny except to admit that the cited document, the content of which speaks for itself, included the quoted language.

125.    Admit.

126.    Deny except to admit that the metadata for the cited July 2019 document, the content of which speaks for itself, lists Security & Compliance Manager L as the custodian.

127.    Deny except to admit that the metadata for the cited December 2019 document, the content of which speaks for itself, lists Brown as the custodian.

128.    Defendants admit that the cited August 16, 2019 presentation, the content of which speaks for itself, includes the quoted language.  Defendants deny the remaining allegations set forth in Paragraph 126, specifically including the implication that Brown was solely responsible for the cybersecurity content in the Security and Compliance Program Quarterly Overview presentations during the Relevant Period.

129.    Deny except to admit that cited documents, the contents of which speak for themselves, were sent to Brown and the CIO.

130.    Deny except to admit that cited documents, the contents of which speak for themselves, include the quoted language.

131.    Deny except to admit that a SolarWinds engineer sent an email in June 2020, the content of which speaks for itself, that was later forwarded to SolarWinds' CIO and Brown.

132.    Deny except to admit that the engineer referenced in Paragraph 132 provided a weblink in the cited email, the content of which speaks for itself.

133.    Deny except to admit that Brown explained in sworn testimony that OIP was not covered by the SDL because it was not a customer-facing product.

15

134.    Deny.

135.    The allegations contained in Paragraph 135 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 135.

136.    The allegations contained in Paragraph 136 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 136.

137.    Defendants lack knowledge and information sufficient to form a belief about the factual allegations in Paragraph 137.

138.    Deny except to admit Brown made a blog post in September 2020, the content of which speaks for itself.

139.    Deny except to admit that Brown was interviewed in September 2019, the content of which speaks for itself.

140.    Deny except to admit that Brown participated on SolarWinds' August 2020 podcast, the content of which speaks for itself.

141.    Deny.

142.    Deny except to admit that Brown was quoted in a February 2019 article, the content of which speaks for itself.

143.    Deny except to admit Brown made a blog post in March 2019, the content of which speaks for itself.

144.    Defendants lack knowledge and information sufficient to form a belief about the factual allegations in Paragraph 144.

145.    Defendants lack knowledge and information sufficient to form a belief about the factual allegations in Paragraph 145.

146.    Deny except to admit that the cited September 2020 presentation, the content of which speaks for itself, contains the quoted language.

147.    Deny.

148.    Deny.

149.    Deny except to admit that the cited 2017 assessment, the content of which speaks for itself, included the quoted language.

150.    Deny except to admit that the cited 2018 assessment, the content of which speaks for itself, included the quoted language.

151.    Deny except to admit that the cited 2018 assessment, the content of which speaks for itself, included the quoted language.

152.    Deny except to admit that Brown emailed the CTO a September 2018 presentation, the content of which speaks for itself.

153.    Deny except to admit that the cited 2019 assessment, the content of which speaks for itself, included the quoted language.

154.    Deny.

155.    Admit.

156.    Deny except to admit that Brown made a blog post that was posted on January 22, 2020, the content of which speaks for itself.

157.    Defendants lack knowledge and information sufficient to form a belief about the factual allegations in Paragraph 157.

158.    Deny except to admit that Brown received the referenced documents, the contents of which speak for themselves.

159.    Deny except to admit that the Security Statement, the content of which speaks for itself, contained the quoted language.

160.    Admit, except to deny that SolarWinds' internal password policy was "incorporated by reference" in the Security Statement.

161.    Deny except to admit that the Security Statement, the content of which speaks for itself, contained the quoted language.

162.    The allegations contained in Paragraph 162 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 162.

163.    Deny.

164.    Deny except to admit that a SolarWinds employee sent an email to SolarWinds' CIO on April 25, 2017, the content of which speaks for itself,  and that Senior InfoSec Manager E previously provided testimony in this matter, the content of which speaks for itself.

165.    Deny except to admit that the referenced April 2018 document, the content of which speaks for itself, was shared with SolarWinds' CIO.

166.    Deny except to admit that the referenced April 2018 document, the content of which speaks for itself, included the quoted language.

167.    Deny except to admit that SOX audits were conducted and documented in 2019 and 2020 and shared with senior management, the contents of which speak for themselves.

168.    Deny except to admit that SolarWinds used Quarterly Risk Review presentations to highlight the status of cybersecurity workstreams, which were routinely shared with the CIO, CTO, and other senior executives, and that a March 2020 attached a draft of such a presentation, the content of which speaks for itself.

169.    Deny except to admit that a SolarWinds employee sent an email to SolarWinds' CIO in September 2019, the content of which speaks for itself.

170.    Deny except to admit that the cited 2019 document, the content of which speaks for itself, included the quoted language.

171.    Deny except to admit that the cited 2019 document, the content of which speaks for itself, included the quoted language.

172.    Defendants admit that an outside researcher sent SolarWinds an email in November 2019, the content of which speaks for itself, but otherwise deny the allegations in Paragraph 172, specifically including the suggestion that the password at issue could be used to "infect SolarWinds' software updates."

173.    Defendants admit that the Security Statement was not updated and that neither SolarWinds nor Brown publicly disclosed any of the alleged password "issues" described in the Amended Complaint.  Defendants deny the remaining allegations set forth in Paragraph 173, including any suggestions that any such issues were pervasive or required disclosure.

19

174.    The allegations contained in Paragraph 174 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 174.

175.    Deny except to admit that Brown was interviewed in September 2019, the content of which speaks for itself.

176.    Deny except to admit that the referenced May 2020 article, the content of which speaks for itself, identified Brown as vice president of security at SolarWinds MSP.

177.    Deny except to admit that Brown received the referenced documents and participated in the compilation of the Quarterly Risk Review presentations, the contents of which speak for themselves.

178.    Admit.

179.    Deny except to admit that the Security Statement, the content of which speaks for itself, included the cited language.

180.    Deny.

181.    Deny except to admit that the Security Statement, the content of which speaks for itself, contained the cited language.

182.    Deny.

183.    Deny.

184.    Defendants admit that SolarWinds' Director of IT sent a presentation to the SolarWinds' CIO in June 2017, the contents of which speak for itself.

185.    Deny except to admit that Brown participated in the preparation of the referenced August 2017 presentation, the content of which speaks for itself.

186.    Deny except to admit that a January 2018 presentation was prepared by a SolarWinds project manager and shared with Brown, SolarWinds' CIO, SolarWinds' Director of IT, and others, the content of which speaks for itself.

187.    Defendants admit that Brown and Senior InfoSec Manager E participated in the preparation of a March 2018 presentation that was provided to SolarWinds' CIO, the content of which speaks for itself.

188.    Defendants admit that the referenced April 2018 document, the content of which speaks for itself, included the quoted language.

189.    Defendants admit that the referenced September 2018 presentation was sent from Brown to the CTO, the content of which speaks for itself.

190.    Defendants admit that the metadata for the referenced September 2018 presentation, the content of which speaks for itself, indicates that the CIO was the custodian.

191.    Defendants admit that the metadata from the referenced December 2018 presentation indicates it was prepared by Senior InfoSec Manager E, the content of which speaks for itself.

192.    Defendants admit that Brown participated in the preparation of an August 2019 presentation, the content of which speaks for itself.

193.    Defendants admit that the cited 2019 documents, the contents of which speak for themselves, included the quoted language.

194.    Deny.

21

195.    Deny.

196.    Deny except to admit that a SolarWinds employee sent an email to Brown and SolarWinds' CIO on September 18, 2019, the content of which speaks for itself.  Defendants further admit that the product described in the email was used by SolarWinds employees in the IT and Development Operations groups who used the Company's cloud-based products in their jobs.  Defendants further admit that SolarWinds' CIO previously provided testimony in this matter, the content of which speaks for itself.

197.    Deny except to admit that the metadata of the referenced November 2019 presentation, the contents of which speak for itself, lists Security & Compliance Manager L as its custodian.

198.    Deny except to admit the Brown participated in the preparation of Quarterly Risk Review presentations that were shared with SolarWinds' senior executives, the contents of which speak for themselves.

199.    Defendants admit that neither SolarWinds or Brown publicly disclosed certain of the alleged access control issues described in the Amended Complaint.  Defendants deny the remaining allegations set forth in Paragraph 199, including any suggestions that any such issues were pervasive or required disclosure.

200.    Deny except to admit the Brown participated in the preparation of Quarterly Risk Review presentations and received the referenced assessments, the contents of which speak for themselves.

201.    Defendants admit that Network Engineer D sent an email to InfoSec Manager E and other SolarWinds employees in June 2018, the content of which speaks for itself. Defendants

also admit that, as a general matter, unmanaged devices can include devices like personal cell phones and laptops that employees use to connect to a company's computer network through a VPN to perform work, including remote work or telework.  Defendants otherwise deny the allegations set forth in Paragraph 201.

202.    Deny.

203.    Deny except to admit that Network Engineer D sent the referenced email to Senior InfoSec Manager E and other SolarWinds employees, the content of which speaks for itself.

204.    Deny except to admit that Network Engineer D sent the referenced email to Senior InfoSec Manager E and other SolarWinds employees on August 24, 2018, the content of which speaks for itself.

205.    Deny except to admit that the referenced email, the content of which speaks for itself, included the quoted language.

206.    Deny except to admit that Network Engineer D created the referenced presentation, the content of which speaks for itself, and that the presentation was delivered on or around August 28, 2018 at a meeting that included managers such as Senior InfoSec Manager E.

207.    Deny except to admit that the referenced document, the content of which speaks for itself, included the quoted language.

208.    Deny.

209.    Defendants admit that Senior InfoSec Manager E forwarded the referenced emails to Brown on or around August 31, 2018, the contents of which speak for themselves.

Defendants otherwise deny the allegations set forth in Paragraph 209, specifically including the suggestion that Brown should have or was required to elevate the matter.

210.    Deny except to admit that Senior InfoSec Manager F sent an email to Brown in January 2020, the content of which speaks for itself.

211.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 212 are no longer at issue in this action and no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 211.

212.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 212 are no longer at issue in this action and no response is required.  To the extent a response is required, Defendants deny except to admit that the purported security gap described in Paragraph 212 was neither disclosed nor required to be disclosed.

213.    The allegations contained in Paragraph 213 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 213.

214.    The allegations contained in Paragraph 214 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegation set forth in Paragraph 214 that the alleged false and misleading statements and omissions were material.

215.    Defendants admit that Brown made a August 2018, the content of which speaks for itself.

216.    Defendants admit that Brown presented during a September 2018 webinar that more than 500 people registered to attend, the content of which speaks for itself.

217.    Defendants admit that Brown made a presentation in May 2019, the content of which speaks for itself, that contained the quoted language.

218.    Defendants admit that the CIO prepared draft assessments dated January and June 2018, the contents of which speak for themselves.

219.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 219 are no longer at issue in this action and no response is required.

220.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 220 are no longer at issue in this action and no response is required.

221.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 221 are no longer at issue in this action and no response is required.

222.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 222 are no longer at issue in this action and no response is required.

223.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 223 are no longer at issue in this action and no response is required.

224.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 224 are no longer at issue in this action and no response is required.

225.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 225  are no longer at issue in this action and no response is required.

226.    Deny.

227.    Deny except to admit that Brown sent the referenced presentation to SolarWinds' CIO, the content of which speaks for itself.

228.    Deny except to admit that Security & Compliance Manager L sent an email to Brown on April 15, 2020, the content of which speaks for itself.

229.    Deny except to admit that Senior InfoSec Manager E sent messages in November 2020, the contents of which speak for themselves.

230.    Deny except to admit that Senior InfoSec Manager E and InfoSec Employee F exchanged messages in November 2020, the contents of which speak for themselves.

231.    Deny except to admit that Mr. Brown sent the referenced email in February 2019, the content of which speaks for itself.

232.    Deny.

233.    Deny.

234.    Deny.

235.    Deny.

236.    The allegations contained in Paragraph 64 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 236.

237.    The allegations contained in Paragraph 64 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 237.

238.    Deny.

239.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 239 are no longer at issue in this action and no response is required.

240.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 240 are no longer at issue in this action and no response is required.

241.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 241 are no longer at issue in this action and no response is required.

242.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 242 are no longer at issue in this action and no response is required.

243.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 243 are no longer at issue in

this action and no response is required and constitute legal contentions and/or conclusions to which no response is required.

244.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 244 are no longer at issue in this action and no response is required and constitute legal contentions and/or conclusions to which no response is required.

245.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 245 are no longer at issue in this action and no response is required and constitute legal contentions and/or conclusions to which no response is required.

246.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 246 are no longer at issue in this action and no response is required and constitute legal contentions and/or conclusions to which no response is required.

247.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 247 are no longer at issue in this action and no response is required and constitute legal contentions and/or conclusions to which no response is required.

248.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 248 are no longer at issue in this action and no response is required and constitute legal contentions and/or conclusions to which no response is required.

249.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 249 are no longer at issue in this action and no response is required and constitute legal contentions and/or conclusions to which no response is required.

250.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 250 are no longer at issue in this action and no response is required and include legal contentions and/or conclusions to which no response is required.

251.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 251 are no longer at issue in this action and no response is required.

252.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 252 are no longer at issue in this action and no response is required and constitute legal contentions and/or conclusions to which no response is required.

253.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 253 are no longer at issue in this action and no response is required.

254.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 254 are no longer at issue in this action and no response is required.

255.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 255 are no longer at issue in this action and no response is required.

256.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 256 are no longer at issue in this action and no response is required.

257.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 257 are no longer at issue in this action and no response is required.

258.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 258 are no longer at issue in this action and no response is required.

259.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 259 are no longer at issue in this action and no response is required.

260.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 260 are no longer at issue in this action and no response is required.

261.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 261 are no longer at issue in this action and no response is required.

262.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 262 are no longer at issue in this action and no response is required.

263.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 263 are no longer at issue in this action and no response is required.

264.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 264 are no longer at issue in this action and no response is required.

265.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 265 are no longer at issue in this action and no response is required.

266.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 266 are no longer at issue in this action and no response is required.

267.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 267 are no longer at issue in this action and no response is required.

268.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 268 are no longer at issue in this action and no response is required.

269.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 269 are no longer at issue in this action and no response is required.

270.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 270 are no longer at issue in this action and no response is required.

271.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 271 are no longer at issue in this action and no response is required.

272.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 272 are no longer at issue in this action and no response is required.

273.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 273 are no longer at issue in this action and no response is required.

274.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 274 are no longer at issue in this action and no response is required.

275.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 275 are no longer at issue in this action and no response is required.

276.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 276 are no longer at issue in this action and no response is required.

277.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 277 are no longer at issue in this action and no response is required.

278.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 278 are no longer at issue in this action and no response is required.

279.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 279 are no longer at issue in this action and no response is required.

280.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 280 are no longer at issue in this action and no response is required.

281.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 281 are no longer at issue in this action and no response is required.

282.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 282 are no longer at issue in this action and no response is required.

283.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 283 are no longer at issue in this action and no response is required.

284.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 284 are no longer at issue in this action and no response is required.

285.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 285 are no longer at issue in this action and no response is required.

286.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 286 are no longer at issue in this action and no response is required.

287.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 287 are no longer at issue in this action and no response is required.

288.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 288 are no longer at issue in this action and no response is required.

289.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 289 are no longer at issue in this action and no response is required.

290.     Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 290 are no longer at issue in this action and no response is required.

291.     Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 291 are no longer at issue in this action and no response is required.

292.     Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 292 are no longer at issue in this action and no response is required.

293.     Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 293 are no longer at issue in this action and no response is required.

294.     Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 294 are no longer at issue in this action and no response is required.

295.     Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 295 are no longer at issue in this action and no response is required.

296.     Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 296 are no longer at issue in this action and no response is required.

297.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 297 are no longer at issue in this action and no response is required.

298.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 298 are no longer at issue in this action and no response is required.

299.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 299 are no longer at issue in this action and no response is required.

300.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 300 are no longer at issue in this action and no response is required.

301.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 301 are no longer at issue in this action and no response is required.

302.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 302 are no longer at issue in this action and no response is required.

303.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 303 are no longer at issue in this action and no response is required.

304.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 304 are no longer at issue in this action and no response is required.

305.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 305 are no longer at issue in this action and no response is required.

306.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 306 are no longer at issue in this action and no response is required.

307.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 307 are no longer at issue in this action and no response is required.

308.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 308 are no longer at issue in this action and no response is required.

309.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 309 are no longer at issue in this action and no response is required.

310.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 310 are no longer at issue in this action and no response is required.

311.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 311 are no longer at issue in this action and no response is required.

312.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 312 are no longer at issue in this action and no response is required.

313.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 313 are no longer at issue in this action and no response is required.

314.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 314 are no longer at issue in this action and no response is required.

315.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 315 are no longer at issue in this action and no response is required.

316.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 316 are no longer at issue in this action and no response is required.

317.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 317 are no longer at issue in this action and no response is required.

318.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 318 are no longer at issue in this action and no response is required.

319.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 319 are no longer at issue in this action and no response is required.

320.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 230 are no longer at issue in this action and no response is required.

321.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 321 are no longer at issue in this action and no response is required.

322.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 322 are no longer at issue in this action and no response is required.

323.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 323 are no longer at issue in this action and no response is required.

324.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 324 are no longer at issue in this action and no response is required.

325.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 325 are no longer at issue in this action and no response is required.

326.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 326 are no longer at issue in this action and no response is required.

327.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 327 are no longer at issue in this action and no response is required.

328.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 328 are no longer at issue in this action and no response is required.

329.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 329 are no longer at issue in this action and no response is required.

330.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 330 are no longer at issue in this action and no response is required.

331.    Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the Amended Complaint (ECF No. 125), the allegations in Paragraph 331 are no longer at issue in this action and no response is required.

### FIRST CLAIM FOR RELIEF
### Violations of Section 17(a) of the Securities Act
### (*Against SolarWinds and Brown*)

332.    Defendants incorporate their responses to the foregoing paragraphs herein.

333.    Deny.

334.    Deny.

### SECOND CLAIM FOR RELIEF
### Aiding and Abetting Violations of Section 17(a) of the Securities Act
### (*Against Brown*)

335.    Defendants incorporate their responses to the foregoing paragraphs herein.

336.    Deny.

337.    Deny.

338.    Deny.

### THIRD CLAIM FOR RELIEF
### Violations of Section 10(b) of the Exchange Act and Rule 10b-5(b) Thereunder
### (*Against SolarWinds and Brown*)

339.    Defendants incorporate their responses to the foregoing paragraphs herein.

340.    Deny.

341.    Deny.

### FOURTH CLAIM FOR RELIEF
### Aiding and Abetting Violations of Exchange Act 10(b) and Rule 10b-5 Thereunder
### (*Against Brown*)

342.    Defendants incorporate their responses to the foregoing paragraphs herein.

343.    Deny.

344.    Deny.

345.    Deny.

## FIFTH CLAIM FOR RELIEF
### Violations of Section 13(a) of the Exchange Act
### and Exchange Act Rules 12b-20 and 13a-1, 13a-11, and 13a-13 Thereunder
### (*Against SolarWinds*)

Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the

Amended Complaint (ECF No. 125), the SEC's claim against SolarWinds for violations of

Section 13(a) of the Exchange Act and Exchange Act Rules 12b-20 and 13a-1, 13a-11, and 13a-

13 thereunder has been dismissed, and Paragraphs 346-348 of the Amended Complaint are no

longer at issue in this action.

## SIXTH CLAIM FOR RELIEF
### Aiding and Abetting Violations of Exchange Act Section 13(a) and
### Rules 12b-20, 13a-1, 13a-11, and 13a-13
### (*Against Brown*)

Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the

Amended Complaint (ECF No. 125), the SEC's claim against Brown for aiding and abetting

violations of Section 13(a) of the Exchange Act and Exchange Act Rules 12b-20 and 13a-1, 13a-

11, and 13a-13 thereunder has been dismissed, and Paragraphs 349-352 of the Amended

Complaint are no longer at issue in this action.

## SEVENTH CLAIM FOR RELIEF
### Violations of Section 13(b)(2)(B) of the Exchange Act
### (*Against SolarWinds*)

Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the

Amended Complaint (ECF No. 125), the SEC's claim against SolarWinds for violations of

Section 13(b)(2)(B) of the Exchange Act has been dismissed, and Paragraphs 353-355 of the

Amended Complaint are no longer at issue in this action.

**EIGHTH CLAIM FOR RELIEF**
**Aiding and Abetting Violations of 13(b)(2)(B) of the Exchange Act**
(***Against Brown***)

Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the

Amended Complaint (ECF No. 125), the SEC's claim against Brown for aiding and abetting

violations of Section 13(b)(2)(B) of the Exchange Act has been dismissed, and Paragraphs 356-

359 of the Amended Complaint are no longer at issue in this action.

**NINTH CLAIM FOR RELIEF**
**Violations of Exchange Act Rule 13a-15(a)**
(***Against SolarWinds***)

Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the

Amended Complaint (ECF No. 125), the SEC's claim against SolarWinds for violations of

Exchange Act Rule 13a-15(a) has been dismissed, and Paragraphs 360-362 of the Amended

Complaint are no longer at issue in this action.

**TENTH CLAIM FOR RELIEF**
**Aiding and Abetting Violations of Exchange Act Rule 13a-15(a)**
(***Against Brown***)

Following the Court's July 18, 2024 ruling on SolarWinds' Motion to Dismiss the

Amended Complaint (ECF No. 125), the SEC's claim against Brown for aiding and abetting

violations of Exchange Act Rule 13a-15(a) has been dismissed, and Paragraphs 363-366 of the

Amended Complaint are no longer at issue in this action.

Dated: August 1, 2024                     Respectfully submitted,

                                          */s/* Serrin Turner
                                          Serrin Turner
                                          Nicolas Luongo
                                          **LATHAM & WATKINS LLP**
                                          1271 Avenue of the Americas
                                          New York, NY 10020
                                          Telephone: (212) 906-1200

43

Facsimile: (212) 751-4864
serrin.turner@lw.com
nicolas.luongo@lw.com

Sean M. Berkowitz (*pro hac vice*)
Kirsten C. Lee (*pro hac vice*)
**LATHAM & WATKINS LLP**
330 N. Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Facsimile: (617) 993-9767
sean.berkowitz@lw.com
kirsten.lee@lw.com

*Counsel for Defendants SolarWinds Corp. and Timothy G. Brown*