

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C. 20549

DIVISION OF
ENFORCEMENT

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   8/26/2024
```

August 26, 2024

BY ECF

Hon. Barbara Moses
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**MEMO ENDORSED**

    **Re:** *SEC v. SolarWinds Corp., et al.* **(23-cv-09518-PAE)**

Dear Judge Moses:

    We write on behalf of the Plaintiff U.S. Securities and Exchange Commission ("SEC" or "Commission") to request that the Court modify one aspect of its order regarding the settlement conference scheduled for September 12, 2024. *See* ECF No. 132. Specifically, we ask for relief from Section 1.a. of the Order, which states:

> If a party is a corporation, union, government entity, or other non-natural person, it must send a decision-maker with knowledge of the case and responsibility for determining the amount of any ultimate settlement; that is, a person who decides what settlement authority to give to counsel, not a person who has received, or must seek, authority from someone else within the organization.

    This requirement presents a hardship for the SEC. Because of the unique statutes and rules that define the authority and obligations of the SEC and its staff, it is not possible for the SEC to have someone at the settlement conference with "responsibility for determining the amount of any ultimate settlement." The SEC requests that the Court allow it to have a Senior Officer attend the settlement conference as the designated party representative. That Senior Officer will have authority to represent that a particular proposed settlement could be recommended to the Commission itself. Lead trial counsel and other SEC attorneys will also be present at the settlement conference.

    The SEC consists of five Commissioners. The Commissioners are appointed by the President with the advice and consent of the Senate. *See* 15 U.S.C. § 78d(a). The Commissioners are supported and assisted by staff, but only the Commissioners may

authorize commencement of a securities enforcement action. *See* 15 U.S.C. § 78u(d)(1). And, similarly, only the Commissioners have authority to settle such an action. *See* 17 C.F.R. § 202.5(f). Because of their daily involvement in other SEC business, it simply is not feasible for the Commissioners to attend dozens of settlement conferences and mediations each year, in cases pending throughout the United States. Under existing law, the Commissioners are also not permitted to delegate "on-the-spot" settlement authority to a member of their staff. Any settlement proposal must be reviewed (and accepted or rejected) by the Commissioners.

Because only the Commissioners acting as a body may approve a settlement, it is impossible for the SEC to have a representative with binding authority to settle the case present at mediation. Both the Federal Rules of Civil Procedure and the federal courts have recognized the unique position that agencies of the federal government occupy when it comes to having a representative with binding authority present at settlement conferences. For example, the Advisory Committee Notes to the 1993 Amendments to Rule 16 of the Federal Rules of Civil Procedure discuss the status of government agencies attending pretrial conferences at which settlement may be discussed:

> The amendment of paragraph (9) should be read in conjunction with the sentence added to the end of subdivision (c), authorizing the court to direct that, in appropriate cases, a responsible representative of the parties be present or available by telephone during a conference in order to discuss possible settlement of the case. The sentence refers to participation by a party or its representative. Whether this would be the individual party, an officer of a corporate party, a representative from an insurance carrier or someone else would depend on the circumstances. *Particularly in litigation in which governmental agencies* or large amounts of money *are involved, there may be no one with on-the-spot settlement authority, and the most that should be expected is a recommendation to the body or board with ultimate decision-making responsibility*. The selection of the appropriate representative should ordinarily be left to the party and its counsel.

Advisory Committee Notes to 1993 Amendments to Rule 16 of the Federal Rules of Civil Procedure (emphasis added); *see also In re Stone*, 986 F.2d 898 (5th Cir. 1993) ("a district court must consider the unique position of the government as a litigant in determining whether to exercise its discretion in favor of issuing" an order relieving government from having someone at a settlement conference with "full settlement authority").

Accordingly, the SEC respectfully requests that this Court permit Associate Director Mark Cave to represent the interests of the SEC at the settlement conference. Mr. Cave is the SEC Senior Officer most knowledgeable about this litigation. Through his position and experience, Mr. Cave understands what types of settlements will likely be approved by the Commission itself. Further, as a Senior Officer, Mr. Cave has the authority to make recommendations directly to the Commission. If Mr. Cave is permitted to attend the upcoming settlement conference, and the parties agree on the terms of a

2

proposed settlement at that conference, the SEC staff will promptly submit a formal recommendation to the Commissioners for their consideration and approval.[1] The SEC has used this approach to successfully mediate settlements in many cases. We have discussed this request with the defendants' counsel who have stated that they have no objection.

Dated: August 26, 2024                              Respectfully submitted,

                                                         /s/ Christopher J. Carney
Christopher J. Carney
Christopher M. Bruckmann
John J. Todor (admitted *pro hac vice*)
Kristen M. Warden (admitted *pro hac vice*)
William B. Ney (admitted *pro hac vice*)
Benjamin Brutlag
Lory Stone (admitted *pro hac vice*)
Securities and Exchange Commission
100 F Street, NE
Washington, D.C. 20549
202-551-2379 (Carney)
202-551-5986 (Bruckmann)
202-551-5381 (Todor)
202-551-4661 (Warden)
202-551-5317 (Ney)
202-551-2421 (Brutlag)
202-551-4931 (Stone)
CarneyC@sec.gov
BruckmannC@sec.gov
TodorJ@sec.gov
WardenK@sec.gov
NeyW@sec.gov
BrutlagB@sec.gov
StoneL@sec.gov

*Attorneys for Plaintiff*
*Securities and Exchange Commission*

> Application GRANTED. SO ORDERED.
>
> *[signature: Barbara Moses]*
>
> Barbara Moses
> United States Magistrate Judge
> August 26, 2024

---

[1] The Commissioners normally require the SEC staff to negotiate a proposed settlement, prepare a detailed memorandum for review and comment by the various other Divisions within the SEC, and then present the proposal for consideration at one of the Commission's regular closed meetings – a process that normally requires several weeks.

3