# Exhibit 85

**SolarWinds Initial Disclosures**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 23-cv-9518-PAE |
| SOLARWINDS CORP. and TIMOTHY G. BROWN, | ) ) ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANTS' RULE 26(a)(1)(A) INITIAL DISCLOSURES**

Defendants SolarWinds Corp. ("SolarWinds") and Timothy G. Brown (together, "Defendants"), by and through the undersigned counsel, hereby submit these Initial Disclosures pursuant to Rule 26(a)(1)(A) of the Federal Rule of Civil Procedure 26 (the "Federal Rules") and the Local Rules of the United States District Court for the Southern District of New York (the "Local Rules").

**INITIAL DISCLOSURES**

Defendants make this Rule 26 Initial Disclosure Statement based upon their current knowledge and information reasonably available at this time. Defendants' investigation of this matter is ongoing. Defendants' disclosures represent a good-faith effort to identify information they reasonably believe they may use to support their claims and defenses of which they are aware as of this date. Defendants reserve the right to modify, amend, supplement, clarify, or correct the disclosures as additional information is obtained pursuant to Federal Rule of Civil Procedure 26(e). By making these initial disclosures, Defendants do not represent that they are identifying every document, tangible thing, or witness possibly relevant to this action. Nor do Defendants waive their right to object to: (a) the production of any document or tangible thing disclosed on the basis

of privilege, work product immunity, relevancy, competency, materiality, hearsay, undue burden, or any other proper ground for objection; (b) the use of any such information for any purpose, in whole or in part, in any proceeding in this or any action; or (c) any other discovery request or proceeding involving or relating to the subject matter of these initial disclosures, in this or any action, on any and all grounds, and at any time.  Defendants reserve the right to call any witness and present any exhibit or item at trial not listed here, but identified through discovery or investigation during this action.

**Rule 26(a)(1)(A)(i):  The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

Subject to the qualifications stated above, and based on information currently available to Defendants, Defendants are aware of the individuals listed below who may have discoverable information that Defendants may use to support their claims or defenses.  The subjects of information identified for the witnesses below are not exhaustive or exclusive, and each witness identified below may present evidence on any issue in the case.  Defendants reserve the right to rely upon all witnesses identified by any other party to this litigation, and any rebuttal witnesses that may be deemed necessary.  Further investigation and discovery may reveal other areas of knowledge or additional persons with information that Defendants may use to support their claims or defenses.  Defendants reserve the right to identify additional individuals at a later date.  Additionally, Defendants reserve the right to identify any testifying expert witnesses at such time and in such manner as provided by Federal Rule of Civil Procedure 26, Local Rules, court order, and/or agreement of the parties.

By indicating the general subject matter of information that these individuals are likely to possess, Defendants are not limiting their right to call any individual listed to testify concerning these or other subjects.

| Name | Contact Information | Subject(s) of Information |
|---|---|---|
| Timothy Brown | c/o Serrin Turner<br>Latham & Watkins LLP<br>1271 Avenue of the Americas<br>New York, NY 10020<br>212.906.1200<br><br>Sean M. Berkowitz<br>Kirsten C. Lee<br>Latham & Watkins LLP<br>330 North Wabash, Suite 2800<br>Chicago, IL 60611<br>312.876.7700<br><br>Alec Koch<br>King & Spalding LLP<br>1700 Pennsylvania Avenue, NW, Suite 900<br>Washington, D.C. 20006<br>202.737.0500 | SolarWinds' cybersecurity program; the SUNBURST attack; circumstances surrounding certain statements and events alleged in the Complaint, including the cyber incidents experienced by the U.S. Department of Justice and Palo Alto Networks |
| Danielle Campbell | c/o Serrin Turner<br>Latham & Watkins LLP<br>1271 Avenue of the Americas<br>New York, NY 10020<br>212.906.1200<br><br>Sean M. Berkowitz<br>Kirsten C. Lee<br>Latham & Watkins LLP<br>330 North Wabash, Suite 2800<br>Chicago, IL 60611<br>312.876.7700 | SolarWinds' internal audit process and sub-certification process; circumstances surrounding certain statements and events alleged in the Complaint related thereto |
| Bradley Cline | c/o Serrin Turner<br>Latham & Watkins LLP<br>1271 Avenue of the Americas<br>New York, NY 10020<br>212.906.1200<br><br>Sean M. Berkowitz | Aspects of SolarWinds' information technology program, including its VPN configuration; circumstances surrounding certain statements and events alleged in the Complaint related thereto |

| Name | Contact Information | Subject(s) of Information |
|---|---|---|
| | Kirsten C. Lee<br>Latham & Watkins LLP<br>330 North Wabash, Suite 2800<br>Chicago, IL 60611<br>312.876.7700 | |
| Harry Griffiths | c/o Serrin Turner<br>Latham & Watkins LLP<br>1271 Avenue of the Americas<br>New York, NY 10020<br>212.906.1200<br><br>Sean M. Berkowitz<br>Kirsten C. Lee<br>Latham & Watkins LLP<br>330 North Wabash, Suite 2800<br>Chicago, IL 60611<br>312.876.7700 | Aspects of SolarWinds' cybersecurity program; the SUNBURST attack; circumstances surrounding certain statements and events alleged in the Complaint, including the cyber incidents experienced by the U.S. Department of Justice and Palo Alto Networks |
| Rani Johnson | c/o Caz Hashemi<br>Wilson Sonsini Goodrich & Rosati<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>650.493.9300 | SolarWinds' information technology and security processes; circumstances surrounding certain statements and events alleged in the Complaint related thereto, including the NIST Cybersecurity Framework |
| Bart Kalsu | c/o Serrin Turner<br>Latham & Watkins LLP<br>1271 Avenue of the Americas<br>New York, NY 10020<br>212.906.1200<br><br>Sean M. Berkowitz<br>Kirsten C. Lee<br>Latham & Watkins LLP<br>330 North Wabash, Suite 2800<br>Chicago, IL 60611<br>312.876.7700<br><br>Steve Cohen<br>Sidley Austin LLP<br>1501 K Street, N.W.<br>Washington, D.C. 20005<br>202.736.8000 | SolarWinds' disclosure practices; internal and external audits of SolarWinds' financial statements; the SUNBURST attack; circumstances surrounding certain statements and events alleged in the Complaint related to these topics |

| Name | Contact Information | Subject(s) of Information |
|---|---|---|
| Joe Kim | c/o Mike Gass<br>Choate Hall & Stewart LLP<br>Two International Place<br>Boston, MA 02110<br>617.248-5000 | Aspects of SolarWinds' cybersecurity program, including SolarWinds' Incident Response process; SolarWinds' disclosure practices as they relate to cybersecurity; circumstances surrounding certain statements and events alleged in the Complaint related to these topics |
| Eric Quitugua | c/o Serrin Turner<br>Latham & Watkins LLP<br>1271 Avenue of the Americas<br>New York, NY 10020<br>212.906.1200<br><br>Sean M. Berkowitz<br>Kirsten C. Lee<br>Latham & Watkins LLP<br>330 North Wabash, Suite 2800<br>Chicago, IL 60611<br>312.876.7700 | Aspects of SolarWinds' cybersecurity program; circumstances surrounding certain statements and events alleged in the Complaint, including the cyber incidents experienced by the U.S. Department of Justice and Palo Alto Networks |
| Kevin Thompson | c/o Edward McNicholas<br>Ropes & Gray LLP<br>2099 Pennsylvania Avenue, NW<br>Washington, D.C. US 20006-6807<br>202.508.4600 | Aspects of SolarWinds' cybersecurity program; the SUNBURST attack; SolarWinds' disclosure practices; circumstances surrounding certain statements and events alleged in the Complaint related to these topics |
| Elizabeth Ackley | c/o Andrew M. Lawrence<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>1440 New York Avenue, N.W.<br>Washington, D.C. 20005<br>202.371.7000 | External audits of SolarWinds' financial statements as conducted by PricewaterhouseCoopers LLP |
| Christopher Williams | c/o Andrew M. Lawrence<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>1440 New York Avenue, N.W.<br>Washington, D.C. 20005<br>202.371.7000 | External audits of SolarWinds' financial statements as conducted by PricewaterhouseCoopers LLP |

In addition, the following individuals are also likely to have discoverable information that Defendants may use to support its claims or defenses:

5

1. Any individuals identified in Plaintiff's initial disclosures;

2. Any individuals identified during the course of discovery, including in Plaintiff's discovery requests and their responses to Defendant's discovery requests;

3. Individuals identified in the documents below.

Defendants may seek information from such persons to support their claims and defenses. There may be other witnesses, including, but not limited to, present and former employees of SolarWinds Corp., non-parties, or potential third parties, whose identities are not currently known to Defendants and who may have relevant information. Accordingly, Defendants reserve the right to supplement and/or amend this disclosure.

**Rule 26(a)(1)(A)(ii): A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

| Document Category | Location |
| --- | --- |
| Documents produced by Defendants to Plaintiff during Plaintiff's pre-suit investigation. | Copies of the documents described above are located at Defendants' offices or with the undersigned counsel or are in Plaintiff's possession, custody, or control. |
| Documents produced by third-parties to Plaintiff during Plaintiff's pre-suit investigation. | Copies of the documents described above are located at Defendants' offices or with the undersigned counsel or are in Plaintiff's possession, custody, or control. |

Defendants' investigation into documents related to the facts of this case is ongoing, and Defendants will supplement these initial disclosures to reflect any additional information once that investigation is complete. Defendants reserve the right to identify additional documents and to object to the production of any documents described herein on any basis permitted under the Federal Rules of Civil Procedure, and any other applicable law or privilege.

Defendants' document identification to date is based solely upon such information and documents as Defendants have been able to discover thus far, as well as Defendants' present analysis of the case, and shall not in any way be deemed to be a representation that additional documents do not exist. Defendants may also rely on publicly available documents and documents produced by Plaintiff or third parties in this or other actions.

By providing this list, Defendants do not waive their right to object to the production of documents on the basis of privilege or work product protection.

**Rule 26(a)(1)(A)(iii): A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Defendants are not currently seeking damages against any party or non-party at this time. Defendants may pursue its attorneys' fees and costs incurred in this action, as permissible under applicable law. Defendants' investigation regarding the facts of this case is ongoing and, therefore, Defendants reserve the right to supplement or amend this response when and as appropriate.

**Rule 26(a)(1)(A)(iv): For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Defendants are not presently aware of any insurance agreement or policy responsive to Rule 26(a)(1)(A)(iv).

Dated: January 5, 2024

By: *Serrin Turner*
Serrin Turner
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
212-906-1330
serrin.turner@lw.com

Sean M. Berkowitz
Kirsten C. Lee
Latham & Watkins LLP

7

330 North Wabash, Suite 2800
Chicago, IL 60611
312-876-7700
sean.berkowitz@lw.com
kirsten.lee@lw.com

*Counsel for SolarWinds Corp.
and Timothy G. Brown*

Alec Koch
King & Spalding LLP
1700 Pennsylvania Avenue,
NW, Suite 900
Washington, D.C. 20006
202-737-0500
akoch@kslaw.com

*Counsel for Timothy G. Brown*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of January, 2024, a true and correct copy of the foregoing document was served by electronic mail to the designated counsel of record in the above-captioned action.

*Serrin Turner*
Serrin Turner